**Appeal Dismissed and Memorandum Opinion filed December 18, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-01034-CR

**JOSE ERNEST ADAME, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1426474**

## M E M O R A N D U M   O P I N I O N

Appellant Jose Ernest Adame pleaded guilty to assault of a family member with bodily injury. Appellant and the State agreed appellant's punishment would not exceed three years' imprisonment. On June 9, 2014, the trial court sentenced appellant in accordance with the terms of his agreement with the State. Appellant filed a notice of appeal on November 12, 2018.

We lack jurisdiction over this appeal for two reasons: the notice of appeal was not filed timely, and this is a plea bargain case with no appealable matters and

appellant has not been granted permission to appeal.

First, a defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Appellant's notice of appeal was filed more than four years after sentence was imposed. Therefore, the appeal was not timely perfected, and we lack jurisdiction.

Second, in a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only matters raised by a written, pretrial motion or with the trial court's permission. Tex. R. App. P. 25.2(a)(2).

Appellant's punishment does not exceed the agreed length of confinement. The record does not contain any appealable pretrial rulings, and the trial court did not grant appellant permission to appeal.

Accordingly, we **DISMISS** the appeal.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).